Oral argument not to exceed 15 minutes per slide. Mr. Richardson from the Appellate. Good morning. I'd like to reserve three minutes for rebuttal. My name is Eli Richardson. I represent the defendant, Appellant David Miller. This case is on appeal from a judgment of the U.S. District Court for the Middle District of Tennessee sentencing Mr. Miller to 45 months imprisonment based on his conviction at trial of two counts of making a false statement in violation of 18 U.S.C. 1014 and also two counts of violation of 18 U.S.C. Section 1028A, aggravated identity theft. The appellant is asking that this court reverse the conviction on all four counts and he does so based on three contentions. First, that his Section 1028A convictions are reversible because as a matter of law he did not use the names of the alleged identity theft victims set forth in counts two and three of the indictment. Second, his count one conviction must be reversed due to a prejudicial variance or the failure to give a specific unanimity instruction in that Mr. Miller was alleged to have made a false statement on May 30, 2007, but the government asserted at trial that Mr. Miller made false statements in six different ways on four different dates in 2007. Finally, with respect to count four, Miller's conviction should be reversed because as a matter of law Mr. Miller simply did not make a statement within the meaning of 18 U.S.C. Section 1014. With respect to the first issue, it is important to look at the government's theory of liability here. The government's view is that the alleged identity theft victims, Mysterious, Foster, and Lipsom, who were the co-investors with Mr. Miller in Fellowship Investors, FI for short, that their names were used when Mr. Miller took a certain act. That he signed one piece of paper, a resolution, saying that these individuals did something that they in fact did not do. A resolution signed by Mr. Miller in his own name, not portraying himself to be anyone other than who in fact he was. That's the government's theory of liability and what it entails is that aggravated identity theft under 18 U.S.C. Section 1028A can be committed if someone signs a document in their own name doing nothing more than lying about what someone else did or did not do. For my argument that the identities of these people were used when one considers the surrounding circumstances and the context and if there were all representations by your client regarding these people whose identities he purportedly was using along with his signature. Your Honor, two responses to that. The first is I would urge this court to take a close scrutiny at the trial transcript to see what the testimony is about what Mr. Miller actually said. And as I view the transcript, if you look at the government's claims, which is that all representations were made to Joe Stocker of First Bank and William Wellens, that Mr. Miller intended to pledge the property and that these individuals had somehow voted in favor of him being authorized to pledge the property. You will not in fact find that testimony to be in there. I think that to the extent the government says that's what happened, that is not in fact what the testimony says. The second point that you made, Your Honor, it does go to the issue, what do we mean by use? You said well maybe he used these individuals' names in the course of this conduct. The Supreme Court has made clear that when we look for purposes of criminal liability of the statute, what it means to use something. Within the meaning of the statute, we look at everyday language, common usage, everyday English and so forth. That's cases like Watson, it's like Bailey, it's like the recent Sekar case authored by Justice Scalia. What we do is we look at everyday English. Would individuals that just speak English normally have looked at the conduct of the defendant and have said well what happened here is Mr. Miller used these individuals, he used these individuals' names. And I submit that in fact that is the question and that the answer here is no. Common English speakers wouldn't have looked at what Mr. Miller did here and said he used their names when he signed the document. They just said you know what, Mr. Miller made a false representation. Not that he somehow used their names. On the issue of usage... Oh that's okay. We'll talk about the contention that the names were used simply because he submitted the names and represented that he was submitting these names with lawful authority whereas he really wasn't using the names. He was using the names with false authority if we get back to the word use. Here's our contention your honor which is that and it's the reasoning of the Wilcox case cited in our brief. With respect to a means of identification that is a name in particular, there must be boundaries on what it means to use someone's name within the meaning of 18 U.S.C. section 1028A unlike let's say social security numbers. Because usage of names is so common the government could always bootstrap a predicate 1028A felony into aggravated identity theft. For example, suppose, this is hypothetical I realize, but suppose Mr. Miller before signing the resolution that issue on July 23rd had said to his secretary, I don't have a pen Judy, why don't you go next door please and get me a pen from Mr. Jones. Mr. Jones has a pen. If there are no boundaries on what constitutes using a simple name within the meaning of section 1028A, why wouldn't that qualify? So while he used the name, he had to use that name to communicate to his secretary to get the actual item to make the false representation. I have a curiosity, is there anything in the legislative history, is there any cases on this statute and this term that help you? Any legislative history, is there anything suggesting one way or the other? The short answer your honor is on the issue of use, I do not believe that there is. How about a case, is there a case on this statute that helps you? I would say one case that I would point to, I don't know if this is what you may be referring to as the Hilton case, which is not on point. It makes the point though that the court of appeals should scrutinize the conduct alleged and proven by the government to see whether that conduct falls within or without the scope of section 1028A. On the issue of use, I would not point to a recent case on this particular issue. What I would note your honor though is the one case that is talked about in the briefs is Wilcox. Wilcox is unusual in that it does address the very specific issue. What does it mean to use a name? Here is what I heard you saying and I think this was your argument. If you are not careful with use, every false statement about authority is by definition an aggravated use identification problem. Has anyone made that point? I am not sure what your... What I heard you saying, maybe you didn't say this and maybe I just thought it, but what seemed to be connecting with me is this idea that we know we have a false statement statute and we surely know that you can have as in this case false statements about authority. Correct. Whenever you have a false statement about authority, you are invariably talking about what other people have allowed you to do. Correct. And so what I thought you were saying was that a problem with the government's definition of use here is it collapses in all these cases if it is a false statement about authority case. Correct. It always automatically also becomes... Aggravated offense. Bingo. Has anyone made that point other than you? Your honor, I am not familiar with what you are referring to. I don't know if you are referring to the Curlman case, which is of course a section 1014 case. It doesn't say that. When I ask a question, I am not referring to anything. What I am doing is saying I am ignorant, I am hopeful you are not, and you can tell me something I don't know. I cannot cite to a case from this particular time period on this issue, but what I can say, your honor, is I do think this is consistent with the one case that is out there, the only case talked about in the briefs on this particular point, which is... It is not the end of the world if there is no authority. Correct. Sometimes the best thing to say is I don't know of anything, but I think this is a really great vehicle for establishing this point. Yes, and your honor, that is our position, that this is an important issue because Mr. Miller is subjected to an extra 24 months, and if it is within the scope of the statute properly construed, then fine, more power to the government. Our view is though that Wilcox has it right. We can't have every single predicate offense under 1028A suddenly become use and bootstrapping to an additional 24 months. Wilcox says that use of a name to make someone liable under section 1028A means that you must purport to be or act on behalf of the alleged identity theft victim or the other individual. And in this particular case, that didn't happen at all. And certainly in this particular case, if there are boundaries, they must be those of the case set forth in Wilcox. Those have to be the boundaries. The other point to make is if they're assuming that there are boundaries, and there must be, that is the place to draw them. But suppose the boundaries of Wilcox are not the right boundaries, then what are the boundaries? What would the boundaries be? They would be unclear, they'd be ambiguous, and that is an alternative reason why on this issue Mr. Miller must prevail. Tell me what the boundaries should be then. We believe that it's those set forth in Wilcox which says that to use a name within the meaning of section 1028A, you must pass yourself off as or acting on behalf of another individual. And in this case, contrary to the government's claim, that did not happen. But why not acting on behalf of? Because in this case, if you look at what actually happened, Mr. Miller's representation was twofold. These individuals voted. They made a vote to authorize Fellowship Investors, LLC. There was never any representation that he was authorized to act on behalf of the individual victims, Foster and Lipsom. Instead, it was a false representation that they voted to authorize Fellowship Investors. And Fellowship Investors was someone whose name arguably was used. But not the individuals. Mr. Miller did not say that he was or was acting on behalf of Mr. Lipsom and Foster individually. Isn't that vote awfully close? Acting on behalf of versus they've given me authority to do this? Your Honor, we think that the distinction is pretty clear. It's fairly close, but it's pretty clear. If you look at the document, the question would be, who did Mr. Miller say he was authorized to act on behalf of? And it's absolutely not Mr. Lipsom or Mr. Foster. It's Fellowship Investors. And as the Hilton case from the Fourth Circuit recently says, corporations are not within the scope of the protection of Section 1028A. This was a representation by Mr. Miller that he was authorized to act on behalf of the corporation. This was a corporation, not a partnership? I'm sorry, it was an LLC. So it was a limited liability company. It's half of each? It's kind of a partnership, kind of a corporation? Well, Your Honor, the point I'm getting at is if you said I have authority to act on behalf of a partnership, everyone would agree that you're saying the same thing as to the individuals in the partnership, right? Correct. But the LLC is a separate entity. And it's not like a partnership in that sense. It is a separate entity organized. Let's just call it a run-of-the-mill corporation. You say you have authority to act on behalf of the corporation. Aren't you saying you have authority to act on behalf of the shareholders? Your Honor, not on behalf of them as individuals. And of course there is a clear distinction between the corporation and its interests and its prerogatives versus individual shareholders. So if Exxon or imagine whatever corporation takes certain action, that doesn't mean it's the actions of any particular individual shareholder. And from our perspective, the resolution is quite clear. Mr. Miller signed something saying he is authorized to act on behalf of the entity. Regarding the alleged individual victims, the representation is that they made a vote. So regarding them, this only involves a false representation about what these individuals did or did not do. So on count four, I assume you care about that even though that was a concurrent sentence with count one just because it's not going to affect the sentence but it affects his record. Your Honor, we think that if there was a reversal on count four, it actually might be grounds for a remand for resentencing. Of course we wouldn't know what the results would be. Because what count four entails is, well not only did Mr. Miller do all this bad stuff in 2007, but guess what? In 2008, he's still going on and on committing these crimes. Which of course we say he didn't do. And we think a district judge could say, you know what? If the Sixth Circuit says this wasn't a crime, Mr. Miller's criminal conduct stops after a few months rather than him continuing to commit federal felonies. It is possible that his overall sentence would be lower and that he could take a different view about how egregious even the sentence on count one was. That's correct, Your Honor. It could affect a sentence on count one under 3553A. Your Honor, I'm running out of time, but as I understood the facts were that the bank sent Mr. Wellens a draft corporate resolution stating that the investors had met and unanimously authorized the defendant to place the property as collateral for the loan and asked Wellens to get the investors to sign it. Mr. Wellens, he didn't know all the investors, so he gives that to the defendant, tells the defendant what the bank wants, and then based upon that, the defendant puts all the names down and signs the thing himself to make the representation to the bank. Aren't those the facts? Your Honor, actually they are somewhat different. If I may walk through the sequence. Okay. Briefly. The sequence was that the bank sent a version of the resolution that didn't even have the offensive language, the language at issue, which is paragraph four. It sends that to Mr. Wellens. Then the bank tells, the bank informs, ends up having its closing attorneys send a new version of that resolution that did have paragraph four. Mr. Miller received a copy of the version without the offensive language, at least his secretary did, before the evidence shows he ever even saw the version of that document with the offensive language in paragraph four. It's entirely clear from the record. Before he saw a version of that resolution that had the offensive language, then he sent a copy of the operating agreement that did have the names to Mr. Wellens saying, Mr. Wellens, here are the names. You will find them attached. Please send me a copy of the revised agreement. So the sequence is clear. Before he has seen a version of this resolution that even had the offensive language, that's when he provided the name. Also, Mr. Wellens was the one that put the names, hand wrote the names, onto the resolution. Not even Mr. Miller. And Mr. Miller didn't even know that it was going onto a resolution that had the offensive language to begin with. And so for all those reasons, we say this is not a case of some sort of active implementation of those names by Mr. Miller in connection with false statements that were contained in paragraph four. All right. We'll hear from the opposing counsel. Good morning. Please record. My name is Sandra Moses, and I represent the United States. What I would like to do is kind of throw out my prepared statement and address directly the questions that I just posed to the Defendant's Counsel. In regard to the facts, actually what the evidence showed, it showed that Mr. Wellens had discussed this resolution with Mr. Miller prior to receiving any draft copies of it. Mr. Miller had advised him that he was going to get this resolution. According to the testimony of Mr. Wellens, what he received, the resolution that he received, was what he expected based upon his conversation with Mr. Miller. That was the testimony. What happened was that the bank, the testimony from the bank officers, was that they required this resolution and they wanted the names of the individual members of Fellowship Investors because Mr. Miller was pledging property that did not belong to him as collateral for his loan. So it's common sense that the bank wants to make sure that he has that authority to do that. Mr. Miller, in the original resolution, did not contain the language that Mr. Richardson referred to. Some, but not the language that the bank felt would be sufficient. And so the bank did revise it and send it back and ask for the names. Mr. Wellens did not have those names because he didn't know who they were. Mr. Miller did and Mr. Miller provided those names and then he indicated in his email, send me a copy of the resolution for Fellowship. Are the names critical here or is the resolution critical? Say the resolution just said the investors met and the majority voted to authorize this action. It doesn't have any names at all. How is that different than this case? The fact that they list who the investors are that attended the meeting, how does that transform this into identity theft? Because that is the means of identification. You don't necessarily need the investors listed in the resolution, do you? You need the names of the investors because the names of the investors are the means of identification that's being used. But the bank would allow the loan to go through if there's a valid resolution by the LLC that says that the collateral issue has been discussed and it hereby is approved. And listing the names I don't think is necessarily necessary to have a valid resolution, is it? Well, in this specific case, the testimony of the bankers and Ms. Harrison who actually prepared or requested the resolution and prepared some language was that she wanted each of the members to actually sign it and had expected that. They didn't sign it, did they? See, if he had signed their names, I could see that as identity theft. But he didn't do it. All he did was represent that they attended the meeting and voted for it. But I don't think they even needed the names. I think the secretary could certify or whoever is doing the meeting that the resolution had passed and I just don't see the names as critical here. Well, Your Honor, it was based on the testimony from the bankers. The names were critical because the bank wanted to be certain that each member of the investment group had agreed. I think the way you're reading the statute is a means of authority. That's why they wanted it. They wanted to make sure there was authority. That's the point. It's not a means of identification. And I would urge you that the key word is not uses. That's the key word we have to understand. The key word of figure out uses is transfers and possesses. So when you look at uses in connection with transfers and possesses, it really does start to look like a passing off definition of use. Right? Because you don't transfer. The stuff you're talking about is nothing to do with transfer and possessing, whereas you clearly do transfer and possess false identifications. Right? In fact, where does use come at the end of this? Transfers, possesses, or then uses it. Well, he did use their names because he used their names to indicate that they had all agreed. That's this definition of use in the sense of authority. But that's not what the rest of the statute says. It says use a means of identification of another person, not a means of showing authority. But the name is a means of identification under the statute. A name is a means of identification. Of course. So he used their names on this document to show that they had all agreed that he had this authority that he did not have. The question I raised to offend on the other side, I get you, I surely agree that under your theory of use, every time you have a false statement case about authority, you also have an aggravated case of identity theft. Yes, that has to be right. Well, as long as it's during and in relation to one of the enumerated crimes offenses that make it identity theft. No, no, no. I'm saying every time you have a situation where you have a false statement and the false statement relates to falsely suggesting you have authority to do something that you don't, you will always have identity theft. Because you will use the names. This is, I'm using your point. You always have to use the name. Name is identification. Use, broad definition of use, it would always apply. So you'd always have two counts. If you are saying that this person gave me permission to do this, when that person did not give them permission to do that, and that is in relation to another offense, which does give it boundaries because it has to be in one of those enumerated offense, then yes, you will have aggravated identity theft. Isn't that a funny reading of the statute? I do not believe so. No, because in this case, it's even as though he did steal their names because none of them, it is identity theft because none of them agreed to this. They testified that they would not have agreed to it. They testified that they wouldn't have even invested in the property had they known that he was going to get this loan. So their identities weren't used to tell, to get authority from the bank to sign these documents, to pledge this property, to get this loan. Without the use of these names, these individuals say, these people all agreed that I could do it. But what's your best case for saying this is not a passing off as statute? Because one way of thinking about this is all that's going on is when you're using transfer of possessing, these means of identification, to pass yourself off as somebody else. So surely the statute applies to that. I think we probably would agree that's the main point of the statute. What's your best case for saying, no, it doesn't stop there? I'm not sure I follow your question. So, you understand what I mean when I say the idea that the statute surely covers one person passing themselves off as someone else. Not passing themselves off as having authority to do something for someone else, but just passing themselves off, I'm John Smith, even though my real name is John, Jeff Sutton, so then that's passing off. What's your best case for saying that core meaning of the statute is not the only meaning of the statute? Oh, Lombard, Your Honor, says. Just tell me what it said and illustrate to me how the holding wins this case. Well, in Lombard, this court held that you do not have to steal someone else's identity. You do not have to pass yourself off as another person in order to commit aggravated identity theft. And what happened there? In Lombard, Your Honor, I'm trying to remember because it was related to... Well, I'm trying to figure out if it's dicta or holding. That's all I want to know. It was a holding, that you do not have to pass yourself off as another person. Now prove it to me by telling me the facts. Okay, I have the case. I'll look at it. Now don't waste your time. Well, I'm just trying to remember because I relied on... Lombard would certainly rely on that at the district court when the defendant moved to dismiss based on the fact that the identities were not stolen. But, in fact, I'm just trying to recall the facts. Don't worry about it. Okay, it's not hard. How is this case different from a lot of run-of-the-mill criminal cases where a defendant's charged with stealing a car? He said, I didn't steal the car. Mr. Jones gave me permission to take his car. And Mr. Jones says, no, I never gave him authority to steal the car. Well, is that identity theft because he misrepresents the authority that somebody else gave him? No, that would not be one of the enumerated offenses. All right. If we put that same pattern into enumerated offense, it would be, though? He simply lies about somebody giving him authority? No. If he obtained... Well, one of the cases I'm thinking of is in the Medicare fraud where in a situation where, which is not what you're asking, but in a Medicare fraud where you do have permission to use the name, you're using it... No, I'm not using the name that he gave me permission to use this. He gave me permission to do that. He didn't use Mr. Jones' name other than he's saying he consented to do this. I mean, that's the problem I have with saying this is aggravated identity theft because I don't see how they're using anybody's identity here. They're falsifying what somebody else did. He's using someone's identity to pledge that person's... No, he's misrepresenting somebody else's actions. Not the identity. The identity of these people is irrelevant. It's what they consented to do or did not consent to do. It's the authority that they gave him... Okay, it's the authority. ...where in the relied upon by... It's as if you were acting on behalf of someone else. Okay, so whenever I misrepresent that somebody else gave me authority, that's stealing their identity. Is that it? No, because it still has to come... Are we talking about aggravated identity theft? Well... If we're talking about the statute 1028A, just... No, it still has to come within, it has to be in relation to, during and in relation to committing one of those enumerated offenses. If I misrepresent somebody's authority in relation to one of these offenses, that's identity theft, aggravated identity theft. If you are saying that you are acting on behalf... No, no, that's not what I'm asking. I'm asking if I misrepresent that they've given me authority. Not that I'm acting... I'm acting on their behalf. I agree with you, it's identity theft. I don't, but in this case, Your Honor, I don't believe that he was acting, claiming that he was acting on authority. He was, he had to have those names. No, he didn't need the names. All he needed was a resolution. I mean... That required, this resolution was requested by the bank and they wanted the names of the members. And actually they wanted the names, they wanted the members to sign. The closing attorneys who were acting on behalf of the bank didn't get those signatures. And it was an after the fact thing when the bank realized that they did not have the members' signatures. And even the second go-round, the members, one of the employees of the bank wanted them and they said, well, we've got enough. We're sufficient here. But I don't think this is characteristic. The resolution indicated that the members had, that these members had given him the authority to act on their behalf to pledge property that belonged to them. And that's not, and they did not do that. None of these individuals voted the way he said they did. None of them said that he could act on their behalf. But he did in pledging their property. He was acting on their behalf. So, you know, this Lombard case, I don't, maybe you're confusing it with something else, but it has nothing to do with this. Which is why I'm saying the Lombard case. You're now going to agree with me it has nothing to do with this case after telling me it does? It's somebody else's identity. Lombard says that you don't have to pretend to be someone else. And I thought that was what your question was. But it's a case of purchasing personal data in order to use it for false IDs. So it's part of schemes to pass person A off as person B. That's the whole point of it. The whole case, the case about without lawful authority, the case has nothing to do with use in this case. At least, I've now read it, I can't understand how you're interpreting it. Lombard, I'm sorry, maybe I misunderstood your question. I thought what you were asking me was what authority I had that you didn't have to steal someone's identity or pass yourself off as that person. And Lombard, that's what the holding of Lombard was, is that you don't have to pass yourself off as another person. You don't have to steal the person's identity. You can have the identity legally, such as in the Medicare fraud cases, where you have the identity and you are submitting false claims with that person's name and Medicare number. You didn't steal their identity, but you're using their identifying information in the case of a false claim to Medicare, which is an enumerated crime under 1028A. Ms. Moses, if the statute is somewhat ambiguous and there's really no authority either way on this,  which would favor the defendant? I'm sorry, there's an L. I'm aware of the rule of competency, Your Honor. Does that come into play? If the court finds that it's ambiguous, yes. The government's position is that it's ambiguous. Well, I mean, the defendant's got to be on notice that his actions are criminal, that this is subject him to criminal sanctions. And if it's not really clear that it does, doesn't that rule of construction come into play? If you are using someone's name to commit a crime... No, that's not my question. Are you answering it that way? I am answering it that way, Your Honor. You are on notice that you're subject to a criminal penalty. If you're using someone's name to commit a crime, you know you're committing a crime. You know that it's... All right, so you say it's clear so it doesn't come into play. And the last thing, I know you're out of time, but could you address count four and how you say that count four, you still have the false statement here? The false statement was that I have the authority to pledge this property. And the false statement was made at the time of the original loan. And that was the third party pledge. And count four is the renewal of the loan? Right. Okay, how is it a new false statement for count four? It's incorporated within that... It is incorporated in the modification... Is it the last sentence? Is this what you're referring to, the last sentence? It says it is the express intention of the parties that accept a specifically set forth herein the original terms of the note and deed of trust shall continue in full force. Is that the false statement? Well, yes, but it also... First, is that the false statement? Yes. Yes, okay. What is false about that? Well, it incorporates the defendant's authority, which he did not have. It incorporates the third party... But he doesn't say I have authority. It doesn't say I have authority. He's being honest. His honesty relates to the underlying fraudulent scheme, but the honesty is, yes, this continues in full force in effect. That's an accurate statement in his view. It was not even renewed except for the fact that the bank believed that he had authority to pledge this property. He did not have authority to pledge this property. Bingo, but he didn't say I have authority. He said he had authority in the third party pledge, which was incorporated by reference, and the cases that we've cited in our brief show that the bank or that you can rely on a false statement that was made at a previous time. I agree with that, but that would be if he said everything I said before is still true, for example. That would work fine, but that's not what he said. He says the note indeed, quote, shall continue in full force. How is that a false statement? That's not... It is incorporating the original false statement. The original false statement, without that, he would never have gotten the loan, and it would never have been renewed, and the testimony of the trial was that it had not been renewed. By incorporating that, by saying it, he is again adopting those statements. Those statements or those documents relate to this loan, just as the renewal, just as they did the first loan. So if there is a false statement in the first loan, it is reassorted for the renewal. All right, thank you very much. I see you're out of time. You're done? I'd like to first address Lombard, if I could. There the issue was whether purchasing personal information from its possessor for subsequent use in fraudulent activity constitutes aggravated identity theft within the purview of 18 U.S.C. Section 1028A1. Through an analysis that included the conclusion that you can violate Section 1028A even if you don't steal someone's identity, the court answered that question in the affirmative. That holding is not at all consistent with our position. It's not at all inconsistent with our position or the position of Wilcox. Why is that? Wilcox says that you must either pass yourself off as or authorized to act on behalf of the other individual. Wilcox does not say that you also have to steal the identity of the other individual. You can pass yourself off as some other person with the other person's consent. Wilcox doesn't preclude liability under Section 1028A if you pass yourself off as someone else who's your co-conspirator to fool a third party. Wilcox absolutely allows the result that Lombard allows, which says that identity theft in terms of stealing the means of identification is not required. Another thing I'd like to note, and again, I'd urge the court to take a look at the transcript. I do think the government is confusing, to the extent it's relevant for this court's consideration, the notion of what witnesses said about what was in their own head about what the terms of this loan were going to be and whether there was going to be a pledge of property and what David Miller said. Confusing that with what their testimony was about what Mr. Miller knew or said to them. And I submit that if you look closely, you will find that we are not seeing statements from any witness ever saying anything to this effect. Mr. Miller told me that he would be engaging in a third party pledge, or that Mr. Miller told me that he was authorized to act on behalf of the other fellowship investors. It's more things like Mr. Welland saying, well, I kind of understood from my conversations with Mr. Miller. That's not the same thing, of course, as saying Mr. Miller told me. So the extent relevant for the court's decision, I would certainly encourage that. I do think that if the court heard some of the things I was hearing, I did hear the government's argument as tautological to a large extent. In a couple of instances, they're saying, well, Mr. Miller used the names because he used them. And of course, tautologies are not helpful in defining the term use or giving it the proper construction, the proper boundaries that need to be set with respect to a means of identification when, may I finish my sentence? Yes, go ahead. When the means of identification is a name, those boundaries must be set or else the scope of the statute is going to be way too broad and too big of a tool for federal prosecutors to turn garden variety, political defenses into aggravated identity theft. Thank you. All right, thank you. And the case is submitted. And you may adjourn.